**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Richman Technology Corporation,** | Case No. 6:20-cv-758 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Robert Bosch LLC,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Richman Technology Corporation ("Plaintiff"), through its attorneys, complains of Robert Bosch LLC ("Defendant"), and alleges the following:

### PARTIES

1.      Plaintiff Richman Technology Corporation is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 7840 Mission Center Ct, San Diego, CA 92108.

2.      Defendant Robert Bosch LLC is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 11970 Pellican Drive, El Paso, TX 79936.

### JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6.     Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

7.     Plaintiff is the assignee of all right, title and interest in United States Patent No. 9,449,484 (the "'484 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## The '484 Patent

8.     The '484 Patent is entitled "System for real time security monitoring," and issued 9/20/2016. The application leading to the '484 Patent was filed on 2/17/2015. A true and correct copy of the '484 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.     The '484 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '484 PATENT

10.     Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '484 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that

infringe at least the exemplary claims of the '484 Patent also identified in the charts incorporated into this Count below (the "Exemplary '484 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '484 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '484 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '484 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '484 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '484 Patent.

15.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '484 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '484 Patent.

16.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '484

Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '484 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

17.     Exhibit 2 includes charts comparing the Exemplary '484 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '484 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '484 Patent Claims.

18.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '484 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '484 Patent;

C.     An accounting of all damages not presented at trial;

D.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement and, with respect to the '484 patent, any

continuing or future infringement, up until the date such judgment is entered including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E.  And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i.  that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii.  that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii.  that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: August 20, 2020          Respectfully submitted,


*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Richman Technology Corporation**